1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACEY MARIE BAXTER, | NO: 13-CV-3059-TOR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary

judgment (ECF Nos. 17, 19).  Plaintiff is represented by D. James Tree.  Defendant

is represented by Jeffrey E. Staples.  The Court has reviewed the administrative

record and the parties' completed briefing and is fully informed.  For the reasons

discussed below, the Court grants Defendant's motion and denies Plaintiff's

motion.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

1    court "may not reverse an ALJ's decision on account of an error that is harmless."

2    *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

3    ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

4    The party appealing the ALJ's decision generally bears the burden of establishing

5    that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

6

7            A claimant must satisfy two conditions to be considered "disabled" within

8    the meaning of the Social Security Act.  First, the claimant must be "unable to

9    engage in any substantial gainful activity by reason of any medically determinable

10   physical or mental impairment which can be expected to result in death or which

11   has lasted or can be expected to last for a continuous period of not less than twelve

12   months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

13   "of such severity that he is not only unable to do his previous work[,] but cannot,

14   considering his age, education, and work experience, engage in any other kind of

15   substantial gainful work which exists in the national economy." 42 U.S.C. §

16   1382c(a)(3)(B).

17           The Commissioner has established a five-step sequential analysis to

18   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

19   404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner

20   considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

1  416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3  404.1520(b); 416.920(b).

4        If the claimant is not engaged in substantial gainful activities, the analysis

5  proceeds to step two.  At this step, the Commissioner considers the severity of the

6  claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7  claimant suffers from "any impairment or combination of impairments which

8  significantly limits [his or her] physical or mental ability to do basic work

9  activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10  416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11  however, the Commissioner must find that the claimant is not disabled.  *Id.*

12        At step three, the Commissioner compares the claimant's impairment to

13  several impairments recognized by the Commissioner to be so severe as to

14  preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

15  404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

16  severe than one of the enumerated impairments, the Commissioner must find the

17  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

18        If the severity of the claimant's impairment does meet or exceed the severity

19  of the enumerated impairments, the Commissioner must pause to assess the

20  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    The claimant bears the burden of proof at steps one through four above.

2    *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

3    the analysis proceeds to step five, the burden shifts to the Commissioner to

4    establish that (1) the claimant is capable of performing other work; and (2) such

5    work "exists in significant numbers in the national economy."  20 C.F.R. §§

6    404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7                                ALJ'S FINDINGS

8        Plaintiff filed applications for disability insurance benefits and supplemental

9    security income disability benefits on March 18, 2008, alleging an onset date of

10   January 15, 2007.  Tr. 223-224.  The claims were denied initially and upon

11   reconsideration.  Tr. 125-128, 129-130.  The Plaintiff requested a hearing, and

12   hearings were held before an Administrative Law Judge on April 15, 2010 and July

13   18, 2012.  Tr. 40-71, 72-92.  The ALJ issued a decision denying Plaintiff benefits

14   on October 3, 2012.  Tr. 18-33.

15       The ALJ found that Plaintiff met the insured status requirements for Title II

16   benefits through June 30, 2009.  Tr. 20.  At step one, the ALJ found that Plaintiff

17   had not engaged in substantial gainful activity since January 15, 2007, the alleged

18   onset date.  *Id.*  At step two, the ALJ found that Plaintiff had severe impairments,

19   *id.*, but at step three, the ALJ found that Plaintiff does not have an impairment or

20   combination of impairments that meets or medically equals one of the listed

impairments.  Tr. 22-24.  The ALJ then determined that Plaintiff had the residual

functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and
> 416.967(a), except as described below. She can occasionally and
> frequently lift up to ten pounds. She can stand or walk for no more
> than two hours in an eight-hour day. She can sit about six hours in an
> eight-hour day. She can frequently balance and climb ramps or stairs,
> and she can occasionally do other climbing, stoop, kneel, crouch or
> crawl. She also should avoid concentrated exposure to hazards.
> She is also limited to unskilled work with no more than occasional
> public contact. She is limited to no forceful gripping with the right
> hand.

Tr. 24.  At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work as a waitress and as a fast food worker (both light exertional level).

Tr. 32.  At step five, after having considered Plaintiff's age, education, work

experience, and residual functional capacity, the ALJ found that there are sedentary

jobs that exist in significant numbers in the national economy that the claimant can

perform, in representative occupations such as assembly of optical goods and

fishing reel assembler.  Tr. 32-33.  Accordingly, the ALJ found Plaintiff not

disabled.  Tr. 33.

The Appeals Council denied Plaintiff's request for review on April 3, 2013,

making the ALJ's decision the Commissioner's final decision for purposes of

judicial review.  Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUES

Plaintiff articulates two issues for review:

1. Did the ALJ err in improperly rejecting the opinions of the claimant's treating and examining medical providers as well as the claimant's own subjective complaints?

2. Did the ALJ err in failing to meet his step five burden to identify specific jobs, available in significant numbers, consistent with the claimant's specific functional limitations?

ECF No. 17 at 12.

DISCUSSION

**A. Opinions of Treating and Examining Medical Providers.**

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray,* 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss,* 427 F.3d at 1216 (*citing Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir. 1995)). An ALJ may

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    also reject a treating physician's opinion which is "based to a large extent on a

2    claimant's self-reports that have been properly discounted as incredible."

3    *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and

4    citation omitted).

5        Although the treating physician's opinion is generally afforded the greatest

6    weight, it is not binding on the ALJ regarding the existence of an impairment or

7    determination of disability.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.

8    2001).  Although the contrary opinion of a non-examining medical expert does not

9    alone constitute a specific, legitimate reason for rejecting a treating or examining

10   physician's opinion, it may constitute substantial evidence when it is consistent

11   with other independent evidence in the record.  *Tonapetyan*, 242 F.3d at 1149

12   (citation omitted); *accord Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

13       Plaintiff contends the ALJ improperly rejected the opinions of her treating

14   and examining doctors, including those of Dr. Bothamley, Dr. Ramsthel, Dr.

15   Heistand, Dr. Kester, and others.  ECF No. 17 at 14-23.

16       1.  Dr. Bothamley

17       Plaintiff contends Dr. Bothamley, a treating physician, opined that Plaintiff

18   would miss at least four days of work each month and would have to lie down 4-5

19   times per day, often for an hour at a time. Plaintiff asserts the ALJ rejected this

20   opinion with an assertion that it was based solely on subjective complaints and that

1   there was a significant contrast between the forms he completed and the concerns

2   he expressed in treatment records, *citing* Tr. 27. Plaintiff contends neither of these

3   was a valid reason for rejecting Dr. Bothamley's opinion.

4           The Commissioner counters that "[a]n ALJ may reject a treating physician's

5   opinion if it is based 'to a large extent' on a claimant's self-reports that have been

6   properly discounted as incredible," *citing Tommasetti v. Astrue*.  The

7   Commissioner also contends contradictions between a doctor's opinion and that

8   doctor's own clinical notes and observations is a clear and convincing reason for

9   not relying on the doctor's opinion, *citing Bayliss v. Barnhart*.

10          In part, the ALJ made the following findings concerning Dr. Bothamley:

11      He appears to base his opinions solely on the claimant's statements
        such as, "patient states that work would exacerbate her back and knee
12      pain," rather than providing his medical opinion on the issue. More
        significant, however, is that chart notes show Dr. Bothamley's unease
13      with the claimant's use of narcotics. Additionally, he repeatedly states
        that the claimant lacks motivation to pursue treatment.
14
                                    *  *  *
15
        Because there is a significant contrast between the forms Dr.
16      Bothamley completed and the concerns he expressed in treatment
        records, his opinion on those forms receives little weight.
17

18  Tr. 27.  The record supports the ALJ's observation that Dr. Bothamley's opinions

19  contained in the two questionnaires are curiously stated from the perspective of the

20  patient's subjective commentary, rather than that of the doctor's professional

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1   opinion.  Tr. 571-572 ("Patient states that work would exacerbate her back and

2   knee pain."); Tr. 621-622.  While Plaintiff has cited a host of medical records from

3   other providers apparently to support Dr. Bothamley's opinions, Plaintiff does not

4   cite to any of Dr. Bothamley's treatment records that document or support his

5   findings of total disability.[1]  ECF No. 17 at 16-17.  That is the contrast that caused

6   the ALJ to discount Dr. Bothamley's opinions offered in the questionnaires.

7       The ALJ provided specific and legitimate reasons that are supported by

8   substantial evidence for discounting Dr. Bothamley's opinions of total disability.

9       2.  Dr. Ramsthel

10      Plaintiff contends the ALJ also improperly rejected the opinion of Dr.

11  Ramsthel, a consulting examiner, that Plaintiff was limited to thirty to sixty

12  minutes at a time standing for a total of three to four hours in a day and was limited

13  to occasional handling with her right hand.

14

15  [1] Plaintiff cited a single page from Dr. Bothamley, Tr. 677, to support her

16  argument.  That page does not demonstrate a lack of contradiction.  Indeed, that

17  page supports the ALJ's other findings that Dr. Bothamley was reluctantly refilling

18  her Vicodin, she refused a urine screen, she admitted using marijuana, and Dr.

19  Bothamley would not continue with narcotic medication if she continued using

20  marijuana.

1    In addition to discussing other medical source opinions, the ALJ made the

2    following findings with respect to how he judged Dr. Ramsthel's opinion:

3        Dr. Ramsthel's analysis receives only some weight. His narrative
         report is not consistent with the check-box form, as he initially writes
4        "unlimited" handling before deciding to check the box for occasional
         handling with the right side. His examination does not justify handling
5        restrictions, as he found only some grip strength limits. Dr. Ramsthel
         did not discuss limitations on handling. (Ex. 33F; Ex. 34F).
6        Additionally, the claimant has reported much improvement with the
         left arm following her carpal tunnel release surgery. She stated that
7        she plans to have follow up surgery on the right side, but she has not
         arranged for it. This suggests her right-sided symptoms are not as
8        severe as alleged.

9    Tr. 28.  Plaintiff implies that the reason the ALJ rejected Dr. Ramsthel's opinion

10   was because Dr. Ramsthel changed or corrected a checked box on the form.  ECF

11   No. 17 at 17.  That is not the inconsistency the ALJ identified.  Dr. Ramsthel's

12   narrative evaluation indicated that Plaintiff retained the "unlimited" ability to

13   handle objects.  Tr. 654.  Yet the doctor's checked box form indicates only

14   "occasional[]" handling could be performed with Plaintiff's right hand.  Tr. 658.

15   Next, Plaintiff contends the doctor's exam showed grip strength problems, citing to

16   Tr. 654 (apparently referencing the doctor's comment, "She has a history of

17   bilateral carpal tunnel syndrome and is status post surgery on the left but negative

18   Tinel's at this time, although her grip strength is weak.").  However, Dr.

19   Ramsthel's test results showed Plaintiff's grip strength to be 11 kg on the right and

20   only 10 kg on the left.  Tr. 653.  Yet, Dr. Ramsthel checked the box that Plaintiff

could perform frequent handling with her left hand.  Tr. 658.  The failure to seek treatment for her right hand, combined with the cited grip strength test, supports the ALJ's finding that Plaintiff's right hand symptoms are not as severe as alleged.

These are specific and legitimate reasons that are supported by substantial evidence for discounting Dr. Ramsthel's full conclusions.

3.  Dr. Heistand

Plaintiff contends the ALJ improperly rejected the opinion of Dr. Heistand with an assertion that it was not supported by the medical record and because Plaintiff was able to care for her child.  ECF No. 17 at 18-19. Dr. Heistand opined that Plaintiff had several marked and severe restrictions.  Tr. 636-638.  The ALJ rejected Dr. Heistand's opinions, reasoning:

> Dr. Heistand's assessed GAF score is inconsistent with records showing the claimant can maintain a supportive relationship and raise a young son. It appears to be based primarily on the claimant's self-report.
>
> * * *
>
> [T]he claimant's condition worsened because she failed to take prescribed medications, as opposed to progressively worsening despite treatment.
>
> * * *
>
> The evidence as a whole does not support the assessed marked-to-severe limitations. The claimant has shown the ability to raise a child while living with her disabled boyfriend. She receives little or no outside childcare help. As discussed above, Dr. Bothamley noted the claimant's minimal motivation to receive treatment. Further, Dr.

1         Dougherty's consulting examination shows that Dr. Heistand
     overstated the claimant's limitations.

2

3    Tr. 30-31.  The ALJ proceeded to recount the numerous conflicts between Dr.

4    Dougherty's examination and Dr. Heistand's conclusions.  Tr. 31.  Plaintiff does

5    not challenge these reasons for rejecting Dr. Heistand's conclusions.  Having

6    reviewed the record as a whole, the Court finds that the ALJ gave specific and

7    legitimate reasons supported by substantial evidence in the record for rejecting Dr.

8    Heistand's opinion.  Since these have not been challenged and no error has been

9    shown.

10         4.  Dr. Kester

11         Plaintiff contends the ALJ improperly rejected the opinion of non-examining

12    state agency consultant, Dr. Eugene Kester that Plaintiff had moderate social

13    limitations, including moderate limitations in her ability to maintain social

14    functioning, work in coordination with or proximity to others without being

15    distracted by them, and getting along with co-workers or peers.  ECF No. 17 at 19.

16         The opinion of a non-examining physician may be rejected "by reference to

17    specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244

18    (9th Cir. 1998).  Here, the ALJ rejected the notion that Plaintiff was limited to

19    superficial contact with co-workers and credited the opinions of the consulting

20    examiner Dr. Dougherty who found Plaintiff "had good social skills; showed

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1   logical, goal-directed thinking. . . . [and] mild social restrictions." Tr. 31.  No error

2   has been shown.

3       5.  Others

4       Next, Plaintiff contends the ALJ improperly rejected the opinions of treating

5   and examining therapists because they were not acceptable medical sources.

6       First, Plaintiff contends Arland David Pomerinke's (MSW) opinion that

7   Plaintiff's "ability to function in basic life skills was good within her home

8   environment, but that outside of that environment it was severely limited," should

9   not have been rejected.  Mr. Pomerinke offered other opinions consistent with Dr.

10  Heistand.  Tr. 636-638.

11      As discussed above, the ALJ did not error in rejecting Dr. Heistand's

12  opinions and correctly observed that Mr. Pomerinke is not an accepted medical

13  source.  The ALJ adequately explained why his opinions were rejected:

14      Mr. Pomerinke is not an accepted medical source. Furthermore, in
        March 2010, he also admitted he had limited time with the claimant in
15      which to make recommendations or make a completely accurate
        assessment, which renders his statements less reliable. (Ex. 23F.) The
16      forms he completed in 2011 and 2012 are speculative, as they discuss
        problems the claimant's symptoms could cause, not what has actually
17      happened to the claimant. Significantly, he listed the claimant's
        childcare obligations as a limiting factor on the ability to work. (Ex.
18      38F, p. 10, 13). Social Security Disability is based on limitations from
        severe medically determinable impairments, not the competing
19      demands of childcare.

20  Tr. 30.  These reasons are supported by substantial evidence in the record.

1    Next, Plaintiff contends the ALJ improperly rejected the opinions of two

2    examining therapists (MHPs), Ms Rayner and Ms Usatine, because there were no

3    treatment records to substantiate their assessments.  ECF No. 17 at 22.

4    The ALJ did reject their opinions, in part, because "there are no treatment

5    records from either mental health professional to substantiate their assessments."

6    Tr. 29.  But the ALJ also rejected them because they are not acceptable medical

7    sources, Ms. Rayner's findings were internally inconsistent and Ms. Usatine's

8    opinions were inconsistent with other independent medical evidence in the record.

9    *Id*.  These reasons have not been challenged by Plaintiff, nor shown to be incorrect.

10   Thus, no error has been shown.

11   **B. Plaintiff's Subjective Complaints.**

12   Plaintiff next contends the ALJ improperly rejected her subjective

13   complaints.  ECF No. 17 at 23. Plaintiff contends the ALJ provided little more than

14   improper assertions that her testimony is not credible because she cares for a young

15   child at home and has a criminal history related to drug abuse.

16   The Commissioner contends the Plaintiff has inadequately argued this issue

17   with any specificity and therefore it should be rejected.  While this argument holds

18   some appeal, the Court will analyze Plaintiff's contention with the same depth by

19   which the issue is challenged.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

The Commissioner also contends the ALJ properly considered the following factors in rejecting Plaintiff's credibility: Plaintiff's sporadic work history, Plaintiff's unpersuasive demeanor while testifying, Plaintiff's extensive criminal history and inconsistent testimony concerning the same, and Plaintiff's activities of daily living that contradict her claims of total disability.  ECF No. 19 at 4-7; Tr. 24-26.

In the event that an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.*  The ALJ may also consider a claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th

Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Here, the ALJ provided specific, clear and convincing reasons, supported by substantial evidence in the record, for discounting Plaintiff's complaints of total disability.  Tr. 24-26.  The Court has reviewed the record as a whole and finds that the ALJ offered specific, clear and convincing reasons for discounting Plaintiff's testimony.  These individual findings have not been challenged and are supported by substantial evidence, thus, no error has been shown.

**C. The ALJ's Step Five Burden.**

Plaintiff contends the vocational testimony on which the ALJ relied was without evidentiary value because it was provided in response to in incomplete hypothetical.  ECF No. 17 at 24.  In sum, Plaintiff's argument is that the ALJ's hypothetical failed to account for the many limitations he improperly rejected.  As such, her argument is dependent upon successfully overturning the ALJ's findings discussed above.  Since those findings have been upheld, this issue also fails.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 19) is

    **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1      2.  Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**.

2      The District Court Executive is hereby directed to file this Order, enter

3  Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

4      **DATED** June 5, 2014.



                     THOMAS O. RICE
                United States District Judge